■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. IRVING LEIBOWITZ, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.— Appeal from an order of the County Court of Clinton County which dismissed a petition for a writ of habeas corpus. Relator contends that the period from September 9, 1953 to March 28, 1958 should have been credited against his State prison sentence on the theory that on September 9, 1953 the Parole Board regained custody of him, after previously declaring him delinquent while on parole, and that thereafter the State of New York "permitted" relator to be returned to the State of New Jersey, upon his waiver of extradition, and, after trial and conviction, to be imprisoned there until March 28, 1958, at which time he was placed on parole in New Jersey and immediately taken into custody by the New York State Board of Parole and returned to a New York State prison. On September 8, 1953, as he entered the Lincoln Tunnel at the New Jersey entrance, relator was pursued by Port of New York Authority police who had been alerted by New Jersey police to look out for a certain automobile involved in a robbery in New Jersey. Relator was wounded and captured near the New

York exit and was turned over to New York City police who booked him (under the fictitious name which he gave them) as held for New Jersey police authorities and transported him to St. Vincent's Hospital and thence to the prison ward of Bellevue Hospital. The next day, upon ascertainment of his identity and while in the same custody, a detainer warrant for relator as a parole violator was lodged by the New York Parole Board. On September 15, 1953, relator was arraigned in court in New York City as a fugitive from justice, subsequently waived extradition and was convicted and imprisoned in New Jersey where another warrant was lodged by the New York Parole Board. The decision in *People ex rel. Rainone* v. *Murphy* (1 N Y 2d 367), upon which appellant mistakenly relies, is in no way applicable as there the prisoner had been arrested as a parole violator and was actually in the custody of the Parole Board when arrested on a Federal charge, of which he was subsequently convicted, being then returned to New York, whereupon the Parole Board voluntarily turned the prisoner over to the Federal authorities for service of his Federal sentence. In the case before us, relator was in custody as a fugitive from justice from the moment of his arrest until his extradition and the Parole Board never regained even the semblance of custody, and certainly not the "complete and unconditional" custody necessary to the imposition of the *Rainone* rule. (*Matter of Perillo* v. *New York State Bd. of Parole*, 4 A D 2d 355, 357, affd. 4 N Y 2d 1013.) "When a parolee is arrested on a charge that he committed another crime, the Board of Parole has no control over him until the disposition of the charge and his return to prison". (*People ex rel. Paqua* v. *Fay*, 8 A D 2d 856, affd. 8 N Y 2d 897.) Order unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.